**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DYSON TECHNOLOGY LIMITED,

      Plaintiff,

v.

THE SELLER ALIAS IDENTIFIED ON
SCHEDULE "A,"

      Defendant.

Case No. 25-cv-00181

Judge John Robert Blakey

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Dyson Technology Limited's ("Plaintiff" or "Dyson") Motion for Entry of a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendant identified in Schedule A attached hereto (the "Seller Alias").

The Court further finds that it has personal jurisdiction over the Defendant since the Defendant directly targets its business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing, and able to ship its [infringing] goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified*

*on Schedule A*, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold the same product (the "Infringing Product") shown in Exhibit 1 to the Amended Complaint [15], that infringes Plaintiff's U.S. Patent No. D853,642 and U.S. Patent No. D852,415 (the "Dyson Design") to residents of Illinois. Plaintiff has presented screenshot evidence that the Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase Infringing Products. *See* [20], Exhibit 2 to the Declaration of Giles Samuel Lane, which includes screenshot evidence confirming that the Defendant internet store does stand ready, willing, and able to ship the Infringing Products to customers in Illinois and has, in fact, sold products featuring Dyson's patented designs to residents of Illinois. The Dyson Designs are shown in the below chart.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D853,642 | <br>FIG. 1 | July 9, 2019 |

2

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  | |

FIG. 2

FIG. 3

FIG. 4

FIG. 5

| Patent Number | Claim | Issue Date |
|---|---|---|
| | FIG. 6 FIG. 7 | |

| Patent Number | Claim | Issue Date |
|---|---|---|
| D852,41 5 | FIG. 1 | June 25, 2019 |

4

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  | |

| Patent Number | Claim | Issue Date |
|---|---|---|
| | FIG. 4    FIG. 5 | |

The Court also finds that the injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of design infringement because (1) Plaintiff is the lawful assignee of all right, title and interest in and to the Dyson Design, (2) Defendant make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the Dyson Design, and (3) an ordinary observer would be deceived into thinking the Infringing Product was the same as the Dyson Design. Furthermore, Defendant's continued and unauthorized use of the Dyson Design irreparably harms Plaintiff through loss of

6

customers' goodwill, reputational harm, and Plaintiff's ability to exploit the Dyson Design. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. As such, this Court orders that:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. offering for sale, selling and importing the Infringing Product;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in offering for sale, selling, and importing the Infringing Product; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), Alipay, AliExpress, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively "Alibaba"), Amazon.com, Inc. ("Amazon"), Wish US Holdings LLC ("Wish.com"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), Whaleco Inc. ("Temu"), ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC

(collectively "TikTok"), and DHgate, Inc. ("Dhgate"), (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with Defendant, including all known contact information, and all associated e-mail addresses;

b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplaces; and

c. any financial accounts owned or controlled by Defendant, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with Defendant, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com,

DHgate, Walmart, Etsy, Temu, TikTok, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the Infringing Product.

4. Defendant shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5. Any Third-Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, DHgate, Etsy, Walmart, Temu, TikTok, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendant's Seller Alias and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

a. the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with Defendant, including all known contact information, including any and all associated e-mail addresses; and

b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. Plaintiff may provide notice of these proceedings to Defendant, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website and by sending an e-mail with a link to said website to an e-mail address for Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "LIYJTK-7-14 day delivery!" that shall apply to Defendant. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably

calculated under all circumstances to apprise Defendant of the pendency of the action and afford Defendant the opportunity to present its objections.

8. Schedule A to the Complaint [2] Schedule A to the Amended Complaint [14], Exhibit 1 to the Complaint [3], Exhibit 1 to the Amended Complaint [15], Exhibit 2 to the Declaration of Giles Samuel Lane [20], and the TRO [26] are unsealed.

9. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. The ten thousand dollar ($10,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED.

Dated: February 12, 2025

Entered:

John Robert Blakey
United States District Judge

11

**Dyson Technology Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 25-cv-00181**

# Schedule A

| No | URL | Name / Seller Alias |
|---|---|---|
| **Defendant Online Marketplaces** | | |
| 1 | amazon.com/sp?seller=A3T387UE1AJLXO | LIYJTK-7-14 day delivery! |

12